UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV13-05689 JAK (RZx) | Date | August 13, 2013 |
| Title | Pacifica Loan Pool One, LP v. Joshiwa R. Clements, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT   JS-6

### I. Background

On May 30, 2013, Pacifica Loan Pool One, LP ("Plaintiff") filed an Unlawful Detainer action against Joshiwa Clements ("Defendant") seeking possession of the property located at 4032 Velma Ave., El Monte, CA 91731. Dkt. 1, p. 2. On August 6, 2013, Defendant removed the action to this Court. *Id.* For the reasons stated in this Order, the action is REMANDED to the Superior Court.

### II. Analysis

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

No federal question jurisdiction is present in this case. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC,* 653 F.3d 1024, 1029 (9th Cir. 2011) (internal quotations and citations omitted). In this case, Plaintiff's Unlawful Detainer complaint does not include a cause of action that arises under federal law. Unlawful Detainer actions, which concern the right to the possession of real property, arise under state law. Although Defendant seeks to raise multiple defenses that are based on federal laws, that is not a basis for federal question jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983); *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002).

Nor does this Court have diversity jurisdiction over this action. Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-05689 JAK (RZx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Pacifica Loan Pool One, LP v. Joshiwa R. Clements, et al. | | |

Here, the face of the Unlawful Detainer complaint seeks damages less than $10,000. Dkt. 4-3, p. 1. Therefore, the amount in controversy does not meet the required amount for diversity jurisdiction, and for this reason there is no diversity jurisdiction.

### III. Conclusion

Because this Court does not have jurisdiction over this Unlawful Detainer action, the matter is REMANDED to the Los Angeles County Superior Court, Northeast District/Pasadena Courthouse, Case No. 13P02222.

**IT IS SO ORDERED.**

                                                                            :

Initials of Preparer    ak